IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER DUVALOOIS | : | CIVIL ACTION |
| vs. | : | NO. |
| QBE AMERICAS, INC. d/b/a BEST WESTERN | : | |
| and | : | |
| BEST WESTERN INTERNATIONAL, INC. | : | |
| and | : | |
| ABC, INC. (1-5), fictitious corporation | : | |
| and | : | |
| JOHN DOE, (1-5), fictitious individuals | : | |

## COMPLAINT

Plaintiff, Peter Duvaloois claims of Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and in support thereof avers as follows:

## PARTIES

1. Plaintiff, Peter Duvaloois, is an adult individual residing at 967 Malone Lane, Cookeville, TN 38506.

2. Defendant, QBE Americas, Inc. is a Wisconsin corporation or other business licensed to do business in Pennsylvania and at all times referred to herein was doing business as Best Western with a hotel located at 120 Routes 6 and 209, Matamoras, Pennsylvania 18336.

3. Defendant QBE Americas, Inc. has a business address located at 1 General Drive, Sun Prairie, Wisconsin 53596.

4. Defendant, Best Western International, Inc., is an Arizona corporation or other business entity licensed to do business in Pennsylvania with a corporate business office located at 6201 N. 24th Parkway, Phoenix, AZ 85016.

5. Defendant, ABC, Inc. (1-5) (hereinafter referred to as "ABC" and John Doe (1-5) are fictitious names of individuals and/or business organization(s) and are heretofore unascertained entities and/or individuals that are associated with defendants. Plaintiff alleges that an insufficient amount of time has passed in which to ascertain the identity of these parties.

## JURISDICTION

6. This action is brought pursuant to diversity jurisdiction as the Plaintiff resides in Tennessee and the Defendants are citizens of the State of Wisconsin and Arizona respectively.

## VENUE

7. 28 U.S.C. Section 1402, provides that a civil action may be brought in the judicial district where the claim arose. This claim arose in Pike County which is within the judicial district of this Court.

## STATEMENT OF FACTS

8. At all times referred to herein, the Defendants were doing business as a Best Western Hotel located at 120 Route 6 and Route 209, Matamoras, Pennsylvania 18336.

9. At all times referred to herein, the Defendants were acting individually and by their respective agents, servants and employees who were then and there acting within the course and scope of their employment and authority.

10. At all times referred to herein, Defendants owned, leased, rented, maintained, controlled, possessed, managed and/or occupied the hotel and premises located at 120 Route 6 and Route 209, Matamoros, Pennsylvania which premises were known as a Best Western Hotel.

11. At all times referred to herein, the above-described premises included a hotel lobby, hotel rooms and common area located at the same address.

12. At all times referred to herein it was the duty of the Defendants to keep and maintain, control, repair, secure and inspect the above-described premises and to keep and maintain it free of defects and dangerous conditions for invitees thereon.

13. At all times referred to herein, there existed a defective and dangerous condition of the real estate premises described herein of which the Defendants had actual notice and/or could reasonably be charged with notice under the circumstances.

14. On or about June 19, 2019, the Plaintiff was a guest and business invite of the Defendants having rented a hotel room.

15. At or about 6 p.m. on the aforesaid date the Plaintiff was walking in a hotel hallway when he was severely bitten by a dog that was owned by another hotel resident.

16. Upon information and belief, the owner of the dog which bit the Plaintiff has been residing at the Best Western Hotel for a number of days prior to June 19, 2019.

17. On or about June 19, 2019, the Defendants knew or should have known of the violent propensities of the dog.

18. On or about June 19, 2019, the Defendants had sufficient opportunity to prevent the dog from attacking and biting the Plaintiff but failed to exercise reasonable care to control and contain the dog.

19. The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

    a. allowing a dog of a known vicious character to remain on its property;

    b. permitting the dog to roam at will without any muzzle or restraint;

    c. failing to warn Plaintiff and others, of the dangerous propensities of the dog;

    d. failing to protect Plaintiff from the attack from the dog;

    e. knowing the vicious and violent propensities of the dog to attack humans and failing to properly control and/or restrain said animal;

    f. knowing the vicious and violent propensities of the dog, and failing to warn others, including the Plaintiff, of said vicious tendencies to bite humans;

    g. failing to employ such instruments, leashes, muzzles and/or other devices to adequately control, restrain and/or prevent the dog from attacking and biting the Plaintiff;

    h. failing to keep such a violent and vicious animal fenced, penned, chained, caged or otherwise locked and secured so as not to come in contact with the Plaintiff and the public at large;

    i. being inattentive to Defendants' duties as a property owner which allowed dogs onto its premises;

    j. failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

    k. failing to provide a safe premise;

    l. failing to provide proper security;

    m. failing to conduct, request or supervise periodic inspections of the premises to insure that negligent acts of third persons did not cause injuries to persons such as the Plaintiff;

    n. employing incompetently trained employees, agents, representatives and/or servants;

    o. allowing an individual to keep a dog on the premises who was not authorized to do so; and

    p. failing to warn Plaintiff of the dangerous condition of the premises.

20. As a direct result of the negligent, careless conduct of Defendants, the Plaintiff suffered various serious and permanent personal injuries to his left arm including but not limited to neurological damage, serious disfigurement, impairment of body function, severe aches, pains, mental anxiety and anguish, severe shock to his entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functions.

21. As a result of these injuries, all of which are to Plaintiff's great financial detriment and loss, the Plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

22. As an additional result of the carelessness and negligence of Defendant, the Plaintiff has suffered emotional injuries along with the physical injuries suffered.

23. Furthermore, in addition to all the injuries and losses suffered, the Plaintiff has incurred or will incur medical, rehabilitative, and other related expenses.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against the Defendants in an amount in excess of Seventy-Five ($75,000.00) Dollars.

                                            MASTER WEINSTEIN MOYER, P.C.

BY: _____
      CHRISTOPHER T. MOYER, ESQUIRE
      1515 MARKET STREET, SUITE 1200
      PHILADELPHIA, PA 19102
      TELEPHONE: (215) 561-2800
      FAX: (215) 561-0012
      EMAIL: cmoyer@panjlawyers,com

      ATTORNEY FOR PLAINTIFF

DATED: 6/15/21